DISTRICT COURT OF GUAM

SANG HO KIM,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

Civil Case No. 08-00018
Criminal Case No. 06-00071

**OPINION AND ORDER RE: MOTION PURSUANT TO 28 U.S.C. § 2255**

This matter comes before the court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Petitioner Sang Ho Kim ("Petitioner") on October 24, 2008. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1] After reviewing the parties' submissions, as well as relevant authority, the court hereby **DENIES** the motion and issues the following decision.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Petitioner was indicted on November 15, 2006, on charges of Fraud in Connection with Identification Documents in violation of 18 U.S.C. §§ 2 and 1028(a)(6). *See* Docket No. 1. On January 23, 2008, a Superseding Indictment charged him with Criminal Conspiracy in violation of 18 U.S.C. §§ 2 and 371, and Fraud in Connection with Identification Documents in violation of 18 U.S.C. §§ 2 and 1028(a)(1); 1028(b)(1)(A)(ii) and 1028(c)(3)(A). *See* Docket No. 4. Attorney

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

Joseph Razzano was appointed to represent him. *See* Docket No. 14. On April 9, 2008, the Petitioner entered a guilty plea to the first count of the Superseding Indictment, Criminal Conspiracy in violation of 18 U.S.C. §§ 2 and 371. *See* Docket Nos. 19 and 22. The Magistrate Judge issued a Report and Recommendations that the Petitioner's guilty plea be accepted. *See* Docket No. 21. The guilty plea was accepted and sentencing was held on August 8, 2008. *See* Docket Nos. 23 and 35. The Petitioner was sentenced to time served (of approximately 84 days) and two years of supervised release. He was also ordered to pay a $1,000 fine. The court granted the Government's oral motion to dismiss the second count of the Superseding Indictment.

On October 17, 2008, the Petitioner's request for substitution of new counsel was granted. On October 24, he filed the instant motion and a supporting memorandum. *See* Docket Nos. 46 and 47. The Government filed its response. *See* Docket No. 49. During the pendency of the instant case, the case of *United States v. Haeng Hwa Lee*, Criminal Case No. 06-00080, was also pending before this court and was later appealed to the Ninth Circuit.[2] Recognizing that the Ninth Circuit's decision in *Haeng Hwa Lee* would be guiding authority, this court stayed the instant case until the Ninth Circuit ruled on the appeal in *Haeng Hwa Lee*. *See* Docket No. 52. The Ninth Circuit held oral argument in *Haeng Hwa Lee* on February 11, 2010, and filed its Memorandum on February 22, 2010, holding that the appellant was precluded from challenging the legality of the requirement that she present an ITIN to obtain a Guam driver's license. On May 27, 2010, the Ninth Circuit issued its mandate in the *Haeng Hwa Lee* case.

## II. DISCUSSION

The Petitioner's Motion does not specifically cite the specific grounds under § 2255 that serve as the basis for his Motion. He essentially argues that the Superseding Indictment does not allege any unlawful conduct. *See* Docket No. 47. Thus, he contends that: 1) that there was no

---

[2] An issue on appeal in the *Haeng Hwa Lee* case is the identical issue raised by Petitioner here, that the indictment does not state an offense. Specifically, both the appellant in *Haeng Hwa Lee* and the Petitioner argue that there was no lawful authority, no statute or regulation, requiring a Taxpayer Identification Number (TIN).

federal offense committed; 2) his conviction is invalid because it was obtained by the guilty plea entered into without understanding the charge; 3) his conviction was obtained by the guilty plea that he entered into without understanding the charge because the Petitioner did not understand the meaning of "collateral attack"; and 4) he was denied effective assistance of counsel. *See* Criminal Case No. 06-00071, Docket 46.

The Government requests the court dismiss the Motion, arguing that the Petitioner procedurally defaulted these claims by failing to appeal from the conviction or sentence. Furthermore, the Government contends that the Petitioner waived his right to collaterally attack his conviction, and has not demonstrated ineffective assistance of counsel.

### A. No federal offense

The Petitioner asserts that there is no statute or regulation that requires the use of a Taxpayer Identification Number ("TIN") in obtaining a Guam driver's license; therefore, his "alleged use of a false use of a TIN could not have caused the Guam Department of Revenue and Taxation ("DRT") to produce a driver's license without lawful authority." Docket No. 47. As noted above, the court stayed this case pending the Ninth Circuit's disposition of the *Haeng Hwa Lee* case. The defendant in *Haeng Hwa Lee*, like the defendant here, argued that the DRT lacked the lawful authority to require to require a TIN and thus, DRT could not have produced a driver's license without lawful authority. After hearing oral argument on February 11, 2010, the Ninth Circuit rejected this argument in an unpublished memorandum opinion. Citing *Dennis v. United States*, 384 U.S. 855, 866 (1966),[3] the Ninth Circuit held that defendant Lee was precluded from challenging the legality of the underlying requirement of presenting a TIN in order to receive a driver's license.

---

[3] The appellants in *Dennis* were convicted of conspiracy to fraudulently obtain the services of the National Labor Relations Board by filing false affidavits to satisfy § 9(h) of the National Labor Relations Act. 384 U.S. at 857. They argued that their convictions should be set aside because § 9(h) was unconstitutional. The United States Supreme Court refused to address their argument, stating that the appellants, who were convicted of conspiring to circumvent the statute, were "in no position to attack the constitutionality" of this statute. *Id.* at 865. The Court held it was no defense to a charge based on fraud "that the statutory scheme sought to be evaded is somehow defective." *Id.* at 866.

The court is guided by the holdings of the United States Supreme Court in *Dennis* and the Ninth Circuit's reliance on *Dennis* in *Haeng Hwa Lee*. The court rejects the Petitioner's claim that no federal offense was committed, and finds that the Petitioner here is precluded from challenging the legality of the requirement of presenting a valid TIN in order to receive a Guam driver's license. The court further rejects the Petitioner's claim that he entered a guilty plea without understanding the charge. As concluded, there was indeed a federal offense.

**B.     Waiver**

The Petitioner's plea agreement filed on April 3, 2008, contains an express waiver, stating: "In exchange for the Government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack his conviction but reserves the right to appeal the sentence imposed in this case." Docket No. 18.

He contends that he entered a guilty plea without understand the meaning of "collateral attack," and therefore, the conviction is invalid. *See* Docket No. 46. The Government asserts that the Petitioner, in his plea agreement, waived his right to collaterally attack his conviction. *See* Docket No. 18.

The Ninth Circuit has held that "[a] plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly." *United States v. Transfiguracion*, 442 F.3d 1222, 1231 (9th Cir. 2006) (quoting *United States v. Pruitt*, 32 F.3d 421, 433 (9th Cir. 1994). Despite the Petitioner's express waiver, he seemingly argues that he received ineffective assistance of counsel, because he was not advised of the meaning of "collateral attack." Docket No. 46. About half of the federal circuits have held that a petitioner may challenge the validity of this waiver on ineffective assistance of counsel grounds.[4] Establishing ineffective assistance counsel requires a petitioner to

---

[4] *See United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002) ( stating that "a waiver of appeal may not be enforced against a section 2255 petitioner who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary."); *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) ("[W]e hold that a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."); *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000) ("A defendant's plea agreement waiver of the right to seek section 2255 post-conviction

demonstrate deficient performance by counsel, and that such deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court evaluating this claim "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697.

This course is followed here. The Petitioner has not shown prejudice, because he has not demonstrated that the outcome of the proceeding would have been different. The Petitioner's conviction was the result of a guilty plea. The Petitioner has not shown that he would have withdrawn his plea, and more importantly, that the court would have accepted withdrawal of his guilty plea. Because he has not shown prejudice, the court finds there was no ineffective assistance of counsel, and furthermore, that the Petitioner has waived his right to collaterally attack his conviction.

**C.    Ineffective assistance of counsel**

Finally, the Petitioner argues that he received ineffective assistance of counsel because his attorney "led him to believe" that DRT's Motor Vehicles Division regulations "prohibited an alien from receiving a three-year Guam drivers license unless he had proof he was entitled to be in the United States" by showing a original Social Security card, notarized letter from Social Security, or an original letter from the Internal Revenue Service as authenticating a TIN. Docket No. 46.

Again, this argument stems from his assertion that there were no regulations and thus no federal offense charged. This argument was rejected above.

///

---

relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel."); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) (finding that a defendant could file a § 2255 petition despite cooperation agreement containing § 2255 waiver because "[j]ustice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself-the very product of the alleged ineffectiveness").

### D. Procedural default

The Government asserts that the Petitioner has procedurally defaulted these claims by failing to argue them on appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate 'cause' and 'actual prejudice,' or that he is ''actually innocent.'" *Bousley v. United States*, 523 U.S.614, 622 (1998) (citations omitted). *See also United States v. Skurdal*, 341 F.3d 921, 925 (9th Cir. 2003) ("If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error.") (quoting *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993)). Therefore, the court examines whether the Petitioner has demonstrated cause and actual prejudice, or whether he is actually innocent.

#### 1. Cause and actual prejudice

A petitioner bears the burden of showing cause and actual prejudice. *See Woolery v. Arave*, 8 F.3d 1325, 1331 (9th Cir. 1993). "Generally, to demonstrate 'cause' for procedural default, an appellant must show that 'some objective factor external to the defense' impeded his adherence to the procedural rule." *Skurdal*, 341 F.2d at 925. "Attorney ignorance or inadvertence is not 'cause'" that would excuse procedural default. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 486 (1986) ("[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.").

Here, the Petitioner has not shown any cause to excuse the procedural default. This argument was simply not raised. Therefore, this court need not examine whether there was actual prejudice. *See Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1448 (recognizing that if a petitioner fails to demonstrate cause then a reviewing court need not determine whether he has carried his burden of showing actual prejudice).

#### 2. Actual innocence

The Petitioner bears the burden of proving that he was "actually innocent" of the offense.

*See Bousley*, 523 U.S. at 622. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id.* at 623. In short, actual innocence requires that "the trier of the facts would have entertained a reasonable doubt of his guilt." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 n.17 (1986) (quoting Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U.Chi.L.Rev. 142, 160 (1970)).

Here, the Petitioner's argument is based on legal insufficiency. He asserts that there is no statute or regulation that requires the use of a Taxpayer Identification Number ("TIN"); therefore, his "alleged use of a false use of a TIN could not have caused the Guam Department of Revenue and Taxation ("DRT") to produce a driver's license without lawful authority." Docket No. 47. This argument was rejected by the Ninth Circuit, and is rejected herein.

### III. CONCLUSION

Accordingly, the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **HEREBY DENIED.** Furthermore, the court does not find that the Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the court will **NOT** issue a certificate of appealability. *See* Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**SO ORDERED**.



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Sep 14, 2010**